KENYON & KENYON
One Broadway
New York, New York 10004
(212) 425-7200

Attorneys for Plaintiff,
Sloan-Kettering Institute
for Cancer Research



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SLOAN-KETTERING INSTITUTE
FOR CANCER RESEARCH,

    Plaintiff,

v.

AMGEN INC.,

    Defendant.

---

Civil Action No. 07-CV-11408

JUDGE SCHEINDLIN

## COMPLAINT AND JURY DEMAND

Plaintiff Sloan-Kettering Institute for Cancer Research ("Sloan-Kettering"), by way of Complaint against defendant Amgen Inc. ("Amgen"), alleges and say:

### THE PARTIES

1.    Plaintiff Sloan-Kettering is a corporation of the State of New York with its principal place of business at 1275 York Avenue, New York, New York. Sloan-Kettering, together with the Memorial Hospital for Cancer and Allied Diseases, are the operational organizations of Memorial Sloan-Kettering Cancer Center.

2.    Defendant Amgen is a corporation of the State of Delaware with its principal place of business at One Amgen Center Drive, Thousand Oaks, California.

## JURISDICTION AND VENUE

3. Jurisdiction exists under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between plaintiff and defendant and the matter in controversy exceeds $75,000 exclusive of interest and costs.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(a).

## ALLEGATIONS APPLICABLE TO BOTH COUNTS

5. Sloan-Kettering and Amgen are parties to that certain license agreement generally concerning, *inter alia*, granulocyte colony stimulating factor ("GCSF") dated as of February 12, 1986, and subsequently amended ("the Agreement").

6. Pursuant to the Agreement, Amgen is required to pay royalties on Net Sales (as defined therein) of Product (as defined therein).

7. Amgen has sold and continues to sell human pharmaceuticals under the trade names Neupogen and Neulasta.

8. Neupogen and Neulasta each qualifies as a Product under the Agreement.

9. Amgen's sales of Neupogen and Neulasta are royalty bearing under the Agreement, and Amgen has paid and continues to pay royalties on its sale of them under the Agreement.

10. Pursuant to the Agreement, the sales base to determine Amgen's royalty obligation is calculated in part as the charges invoiced by Amgen for sales of Product net certain enumerated deductions.

11. Amgen has sold and continues to sell a human pharmaceutical under the trade name Aranesp.

12. The terms of certain of Amgen's sales of Neupogen and Neulasta have included rebates that are based at least in part not only on the purchase of Neupogen and Neulasta, but also at least in part on the purchase of Aranesp.

13. In calculating its royalties under the Agreement, Amgen has deducted from the sales of Neupogen and Neulasta rebates that are determined and paid at least in part on the purchase of Aranesp.

14. The rebates described in paragraphs 12 and 13 are not properly deductible from the sales of Neupogen and Neulasta for the purpose of calculating the royalty due under the Agreement.

15. As a result of its impermissible deductions, Amgen has substantially underpaid the amount of royalties due under the Agreement, which such underpayment is believed to exceed $72 million as of the accounting period reported by Amgen in September 2007.

16. In or about December 2003, in order to fund its research and operations, Sloan-Kettering sold a portion of the royalty stream that is paid under the Agreement to Royalty Pharma, a unit trust organized under the laws of the Republic of Ireland, which then sold such portion to Royalty Pharma Finance Trust, a Delaware statutory trust. Amgen consented to such sales.

17. Notwithstanding Sloan-Kettering's partial sale of its royalty stream as referred to in paragraph 16, Sloan-Kettering remains the only entity in contractual privity with Amgen under the Agreement and, to the extent that there has been an underpayment of amounts owed under the Agreement, Sloan-Kettering retains the right to sue for and collect in this action the entirety of such underpayment.

## FIRST COUNT
(Breach of Contract)

18. Sloan-Kettering repeats the allegations of paragraphs 1-17 as if set forth at length herein.

19. Amgen has underpaid royalties due under the Agreement, in breach of the Agreement and to the damage of Sloan-Kettering.

## SECOND COUNT
(Declaratory Judgment)

20. Sloan-Kettering repeats the allegations of paragraphs 1-17 as if set forth at length herein.

21. Amgen has taken the position that the rebates described in paragraphs 12 and 13 are permissible deductions under the Agreement and that it has not underpaid royalties on account of said deductions.

22. There is an actual controversy between Sloan-Kettering and Amgen concerning the interpretation of the Agreement that is properly resolved by declaratory judgment.

WHEREFORE plaintiff Sloan-Kettering Institute for Cancer Research demands judgment against defendant Amgen Inc. for:

a. damages;

b. a declaration that Amgen is obligated to continue payment of royalties under the Agreement for its sale of Neupogen and Neulasta without regard to rebates paid in whole or in part on the sale of products under than Neupogen and Neulasta and any other impermissible deductions;

c. interest;

d. attorneys' fees and cost of suit; and

e. such other and further relief as may be appropriate.

**JURY DEMAND**

Sloan-Kettering demands trial by jury.

                                                KENYON & KENYON LLP

                                                Attorneys for Plaintiff,
                                                Sloan-Kettering Institute
                                                for Cancer Research

                                                By: _____
                                                   RICHARD L. DELUCIA (RD-4112)
                                                   CHARLES A. WEISS (CW-2628)
                                                   JERRY CANADA (JC-8945)

DATED: December 19, 2007