UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/14/08

|  |  |
|---|---|
| SLOAN-KETTERING INSTITUTE FOR CANCER RESEARCH, | SCHEDULING ORDER |
| Plaintiff, | Civil Action No. 07-CV-11408(SAS) |
| v. |  |
| AMGEN INC., | Conference Date: February 13, 2008 |
| Defendant. |  |

WHEREAS, the Court issued an Order for a Conference in accordance with Fed. R. Civ. P. 16(b) on January 24, 2008 (the "Order"); and

WHEREAS, the Order requires that the parties jointly prepare and sign a proposed scheduling order containing certain information;

NOW, THEREFORE, the parties hereby submit the following information as required by the Order:

(1)  the date of the conference and the appearance for the parties:

February 13, 2008

For plaintiff:

Charles A. Weiss, Esq.
KENYON & KENYON LLP
1 Broadway
New York, NY 10004-1007
212-425-7200

For defendant:

Philip L. Graham, Jr., Esq.
SULLIVAN & CROMWELL LLP
125 Broad Street
New York NY 10004-2498
212-558-4000

(2)     a concise statement of the issues as they then appear;

This is a contract case involving a license agreement between Sloan-Kettering and Amgen. In brief, the main point of disagreement is whether certain deductions that Amgen has taken in calculating and paying royalties are proper under that license agreement. Sloan-Kettering contends that defendant Amgen has underpaid royalties due Sloan-Kettering on a license agreement. Amgen contends that it has paid the appropriate amount of royalties to Sloan-Kettering.

(3)     a schedule including:

    (a)     the names of persons to be deposed and a schedule of planned depositions; *[handwritten: Mid-May to Mid-October]*

    The parties have not yet determined the identities of persons to be deposed, and will have to first review documents (to be produced), initial disclosures, and responses to interrogatories (to be propounded) before determining necessary deponents.

    (b)     a schedule for the production of documents; *[handwritten: Initial disclosures by Feb. 27.]*

    The parties will exchange discovery requests pursuant to Rule 34 on or before March 14, 2008. The parties will conclude their document productions on or before July 15, 2008, with a substantial interim production contemplated prior to May 15, 2008.

    (c)     dates by which (i) each expert's reports will be supplied to the adverse side and (ii) each expert's deposition will be completed;

    Sloan-Kettering's proposal:

    The parties will serve their opening expert reports by December 12, 2008, and their responsive expert reports by January 16, 2009.

    Amgen's proposal:

    Plaintiff will supply its expert reports by December 12, 2008. Defendant will supply its expert reports and its responsive expert reports by January 16, 2009.

    (d)     time when discovery is to be completed;

    Fact discovery will be completed by ~~November~~ *[October]* 14, 2008. Expert discovery will be completed by ~~February 20, 2009~~ *[Jan 15]*

    (e)     the date by which plaintiff will supply its pre-trial order matters to defendant;

    ~~June 17, 2009~~ *[Feb. 29]*

    (f)    the date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instruction, for a jury trial;

July 20, 2009 ~~MAR 27~~ *[handwritten: MAR 27]*

    (g)    a space for the date for a final pre-trial conference pursuant to Fed. R. Civ. P. 16(d), to be filled in by the Court at the conference.

*[handwritten: Nov 10 at 4:30]* _____ (leave blank)

(4)    a statement of any limitations to be placed on discovery, including any protective or confidentiality orders;

A protective/confidentiality order will be necessary to protect confidential financial information. The parties expect to be able to reach agreement as to the form of such an order.

(5)    a statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement;

A disagreement, with the parties' respective positions, is noted in part 3(b) above.

Otherwise, the parties have not yet begun to discuss discovery issues, and, as such, are unaware of any discovery issues which will be in dispute.

(6)    anticipated fields of expert testimony, if any;

Accounting/damages analysis.

Possibly pharmaceutical industry contracting.

The parties have not yet determined if expert testimony will be needed on other topics.

(7)    anticipated length of trial and whether to court or jury;

Jury trial: 4-6 days.

(8) a statement that the Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference of when justice so requires;

The Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference of when justice so requires.

(9) names, addresses, phone numbers and signatures of counsel;

KENYON & KENYON LLP
1 Broadway
New York, NY 10004-1007
212-425-7200

Attorneys for Plaintiff
Sloan-Kettering Institute
for Cancer Research

By: _____
CHARLES A. WEISS
(CW-2628)

SULLIVAN & CROMWELL LLP
125 Broad Street
New York NY 10004-2498
212-558-4000

Attorneys for Defendant
Amgen Inc.

By: _____
PHILIP L. GRAHAM, JR.
(PG-5028)

SO ORDERED:

_____
SHIRA A. SCHEINDLIN
U.S.D.J.

DATED: February 13, 2008

4