Philip L. Graham, Jr.
Mark F. Rosenberg
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000

*Attorneys for Defendant Amgen Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| SLOAN-KETTERING INSTITUTE FOR CANCER RESEARCH, | : |
| Plaintiff, | : |
| | : Civ. Action No.  07-CV-11408 (SAS) |
| v. | : |
| | : |
| AMGEN INC., | : |
| Defendant. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANSWER OF DEFENDANT AMGEN INC.**

For its Answer to the Complaint and Jury Demand ("Complaint") of Plaintiff

Sloan-Kettering Institute for Cancer Research ("Sloan-Kettering" or "plaintiff"), Defendant

Amgen Inc. ("Amgen" or "defendant"), by and through its undersigned counsel, responds to the

allegations of the Complaint as follows:

## THE PARTIES

1.      Upon information and belief, Amgen admits that Sloan Kettering is a corporation organized under the laws of the State of New York with its principal place of business at 1275 York Avenue, New York, New York, but Amgen lacks sufficient knowledge or information to form a belief as to whether Sloan-Kettering, together with the Memorial Hospital for Cancer and Allied Diseases, are the operational organizations of Memorial Sloan-Kettering Cancer Center.

2.      Amgen admits the allegations of paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.      Paragraph 3 of the Complaint contains legal conclusions and thus requires no response.

4.      Paragraph 4 of the Complaint contains legal conclusions and thus requires no response.

## ALLEGATIONS APPLICABLE TO BOTH COUNTS

5.      Amgen admits that Sloan-Kettering and Amgen are parties to a license agreement, which was dated February 12, 1986 and has subsequently been amended ("the Agreement"), and respectfully refers the Court to the Agreement itself for a statement of the terms thereof. Amgen denies any remaining allegations in paragraph 5.

6.      Amgen admits the existence of an Agreement between Sloan-Kettering and Amgen, and respectfully refers the Court to the Agreement itself for a statement of the terms thereof. Amgen denies any remaining allegations in paragraph 6.

-3-

7.    Amgen admits that it has sold and continues to sell products it calls Neulasta and Neupogen, and avers that Neulasta and Neupogen are registered trademarks, and that the terms "human pharmaceuticals" and "trade names" as used in paragraph 7 are vague and may be subject to varying interpretations.  Amgen denies any remaining allegations in paragraph 7.

8.    Amgen admits that the Agreement exists and respectfully refers the Court to the Agreement itself for a statement of the terms thereof.  Amgen denies any remaining allegations in paragraph 8.

9.    Amgen admits that the Agreement exists, and  respectfully refers the Court to the Agreement itself for a statement of the terms thereof.  Amgen also admits that it has and continues to pay royalties pursuant to the Agreement terms.  Amgen denies any remaining allegations contained in paragraph 9.

10.    Amgen admits that the Agreement exists, and respectfully refers the Court to the Agreement itself for a statement of the terms thereof.  Amgen denies any remaining allegations in paragraph 10.

11.    Amgen admits that it has sold and continues to sell a product it calls Aranesp, and avers that Aranesp is a registered trademark and that the terms "human pharmaceuticals" and "trade names" as used in paragraph 11 are vague and may be subject to varying interpretations.  Amgen denies any remaining allegations in paragraph 11.

12.    Amgen affirmatively states that it has extended, to Sloan-Kettering and others, normal trade discounts on purchases of Neupogen and Neulasta pursuant to multiple product contracts.  Amgen denies the allegations in paragraph 12.

13.    Denies the allegations of paragraph 13 of the Complaint.

14.    Denies the allegations of paragraph 14 of the Complaint.

15.    Denies the allegations of paragraph 15 of the Complaint.

16.    Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 16 of the Complaint.

17.    Paragraph 17 of the Complaint contains legal conclusions and thus requires no response. To the extent that any response is required, Amgen denies the allegations of paragraph 17 of the Complaint.

## FIRST COUNT
### (Breach of Contract)

18.    Incorporates its prior responses to paragraphs 1 through 17 of the Complaint.

19.    Denies the allegations of paragraph 19 of the Complaint.

## SECOND COUNT
### (Declaratory Judgment)

20.    Incorporates its prior responses to paragraphs 1 through 17 of the Complaint.

21.    Amgen affirmatively states that it has not underpaid royalties, and that the discounts provided under multiple product contracts constitute normal trade discounts for purposes of royalty calculations under the Agreement. Amgen denies any other allegations in paragraph 21.

22.    Paragraph 22 of the Complaint contains legal conclusion and thus requires no response.

-5-

## AFFIRMATIVE DEFENSES

Without assuming any burden of pleading or proof that would otherwise rest on Sloan-Kettering, Amgen alleges as follows:

### FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND DEFENSE

Any alleged conduct by Amgen complained of by Sloan-Kettering was, and is, undertaken in good faith for legitimate business reasons and, in any event, did not result in any damages.

### THIRD DEFENSE

Sloan-Kettering's claims for damages are barred in whole or in part because of their speculative nature.

### FOURTH DEFENSE

Sloan-Kettering has failed to join all parties necessary for a just adjudication of their purported claims.

### FIFTH DEFENSE

Sloan-Kettering's claims are barred, in whole or in part, because it consented to and/or ratified the alleged acts or omissions of which it complains.

### SIXTH DEFENSE

Sloan-Kettering's claims are barred, in whole or in part, by the doctrine of waiver.

## SEVENTH DEFENSE

Sloan-Kettering's claims are barred, in whole or in part, by the doctrine of estoppel.

## EIGHTH DEFENSE

Sloan-Kettering's claims are barred, in whole or in part, by the doctrine of laches.

## NINTH DEFENSE

Sloan-Kettering's claims are barred, in whole or in part, because it has assigned or sold its interest in the royalty stream to a third party.

## TENTH DEFENSE

Sloan-Kettering lacks standing to pursue claims for royalties that belong to third parties.

Dated: March 10, 2008

Respectfully submitted,

_____/s/_____
Mark F. Rosenberg
Philip L. Graham, Jr.
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004
Telephone:    (212) 558-4000


*Attorneys for Defendant Amgen Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of March, 2008, I caused to be served on the following counsel by e-mail and first-class mail true and correct copies of the foregoing Answer of Defendant Amgen Inc.:

**Richard L. DeLucia**
**Charles A. Weiss**
**Jerry Canada**
KENYON & KENYON LLP
One Broadway
New York, NY 10004
Telephone: (212) 425-7000

*Attorneys for Plaintiff Sloan-Kettering*
*Institute for Cancer Research*

_____
Amir Toossi